IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM W. SMITH and ANGELA M. SMITH, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:09-268 |
| STECKMAN RIDGE, LP, | ) ) ) ) | JUDGE KIM R. GIBSON |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

GIBSON, J.

### I. SYNOPSIS

This matter comes before the Court on two motions for partial summary judgment, one filed by the Defendant (Doc. 12) (Def.'s Mot. for Partial Summ. J.), and one filed by the Plaintiffs (Doc. 16) (Pl.'s Mot. for Partial Summ. J.), pursuant to Federal Rule of Civil Procedure 56. The Plaintiffs, William W. Smith and Angela M. Smith (the "Smiths" or "Plaintiffs"), oppose the Defendant's Motion for Partial Summary Judgment. Doc. 15. The Defendant opposes Plaintiffs' Motion for Partial Summary Judgment. Doc. 18. For the reasons that follow, both motions for Partial Summary Judgment are denied.

### II. BACKGROUND

Both parties agree that the Plaintiffs entered into a lease (the "Lease") with Pennsylvania General Energy Corporation (the original "Lessee" or "PGE") for a certain property located in the Township of Monroe, in Bedford County, Pennsylvania (the "Leased Premises"). Doc. 12 at 2; Doc.

16 at 2; Doc. 14-1 at 2. Plaintiffs state that the Lease was entered into in 2002, while Defendant states that the Lease was entered into in 2000 (Doc. 24 at 2; Doc. 16 at 2; Doc. 12 at 2), however a copy of the Lease provided by both parties is dated May 18, 2000. Doc. 16-3 at 2; Doc. 14-1 at 2. The initial term of the Lease was for five (5) years, with an option to renew for a period of five (5) years before the end of the initial term. Doc. 14-1 at 3; Doc. 15-3 at 3.

The Lease document granted[1] to the Lessee the rights to harvest/produce all the oil and gas underneath Plaintiffs' Property (Doc. 14-1 at 2), but also contained a clause that allowed the Lessee to convert the Leasehold into one for the storage of gas (instead of the production/harvesting of oil/gas). Doc. 14-1 at 3, ¶ 7. In electing that conversion option, the Lessee was required to pay to the Lessor the estimated value of the remaining recoverable gas and a "Delay Rental" payment for as long as the Property was used for storage, rather than production. Id. The Lease also included various other terms and provisions for payments that would be required to keep the Lease in full force and effect under various conditions. Doc. 14-1; Doc. 15-3.

Plaintiffs were notified by a letter, dated March 5, 2007, that Defendant, Steckman Ridge, LP, had purchased all leases held by the original Lessor, PGE, including the Lease that is the subject of this litigation. Doc. 16-9 at 2; Doc. 14-4 at 2. Approximately two months later, Spectra Energy Corp. drew up a check, dated July 3, 2007, in favor of the Plaintiffs in the amount of $345,202.65. Doc. 16-10 at 2. (Steckman Ridge, LP was jointly owned by Spectra Energy Corp. and New Jersey Resources as of March 5, 2007. Doc. 16-9 at 2; Doc. 14-4 at 2). Plaintiffs claim that they declined this "offer." Doc. 16 at 3, ¶ 8. Defendant does not argue that this check was cashed, but only that Plaintiffs received the check. Doc. 18 at 13.

On August 8, 2007, Defendant filed a "Gas Payment and Conversion Notice" (the "Notice")

---

[1] By using the past tense the Court does not intend to imply that the Lease is no longer in effect. That issue is yet to be determined.

with the Bedford County Recorder of Deeds. Doc. 16-12 at 2. The Notice, which is dated July 16, 2007, stated that Defendant had acquired rights to the Lease from PGE, and that it was electing to change the use of the Leased Premises to gas storage. Id. The Notice further stated that Defendant had made payment to the Lessor/Plaintiffs as required under the Lease "for the value of the economically recoverable gas remaining in the Leased Premises that could have been produced if the conversion to gas storage was not made". Doc. 16-11 at 2. Plaintiffs claim that Defendant never provided them with this Notice, and that they only became aware of the Notice in 2009, after retaining an attorney. Doc. 16 at 3. Defendant argues that it was not required to provide notice under the Lease. Doc. 18 at 9.

On July 3, 2008, Spectra Energy again drew up a check in favor of the Plaintiffs, this time in the amount of $388,056.50. Pl.'s Exh. 13. Plaintiffs claim that they similarly declined this "offer". Doc. 16 at 3. Spectra Energy drew up another check on March 3, 2009 in the amount of $387,000.78. Pl.'s Exh. 14. The Plaintiffs claim that they accepted this "payment". Doc. 16 at 3, ¶ 13.

In September 2009, Plaintiffs filed a Petition for Appointment of Viewers in the Court of Common Pleas of Bedford County, Pennsylvania, pursuant to 26 Pa. C.S.A. § 502, requesting a determination that a de facto taking of their real property had occurred under the Pennsylvania Eminent Domain Code. Doc. 1 at 1; Doc. 1-1 at 2. On October 9, 2009, Defendant filed a Notice of Removal with this Court. Doc. 1.

On January 1, 2010 Defendant filed a Motion for Partial Summary Judgment arguing that because the Lease is valid and in effect, and because it has met all requirements and payments under said contract, there are no issues of material fact, and partial summary judgment is therefore appropriate. Doc 12. Plaintiffs filed a Brief in Opposition to the Motion for Partial Summary Judgment on February 2, 2010. Doc. 15.

Plaintiffs filed a Motion for Partial Summary Judgment on February 2, 2010. Doc. 16. Defendant filed a Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment on March 4, 2010. Doc. 18.

Plaintiffs argue that they are entitled to a partial summary judgment that a de facto taking of their Property occurred because the Lease had expired prior to Defendant's storage of natural gas beginning on April 1, 2009. Doc. 16 at 1. Plaintiffs also argue that they are entitled to Partial Summary Judgment because Defendant was required to file preliminary objections within thirty (30) days under 26 Pa. C.S.A. § 502 if it wished to contest the state action, and Defendant failed to do so.

The two motions for partial summary judgment (Docs. 12 & 16) are the subject of this memorandum opinion.

### III. STANDARD OF REVIEW

Summary judgment may only be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. Pursuant to Federal Rule of Civil Procedure 56(c), the Court must enter summary judgment against a party who fails to make a sufficient showing of an element for which that party will bear the burden of proof at trial, and which is an essential element to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In evaluating the evidence, the Court must interpret the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Township*, 478 F.3d 144, 147 (3d Cir. 2007); see also *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 126 (3d Cir. 1994); citing *Oritani Sav. And Loan Ass'n v. Fidelity and Deposit Co.*, 989 F.2d 635, 637 (3d Cir. 1993). The burden is initially on the moving party to

demonstrate that the evidence contained in the record does not create a genuine issue of material fact. *Conoshenti v. Public Service Electric & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004). See also *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 125-126 (3d Cir. 1994); citing *Celotex Corp. v. Catreett*, 477 U.S. 317, 322-32 (1986). A dispute is "genuine" if the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party. See *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005); citing *Debiec v. Caot Corp.*, 352 F.3d 117, 128 n. 3 (3d Cir. 2003). Where the non-moving party will bear the burden of proof at trial as to some element or claim, the moving party may meet its initial burden as to issues of material fact by showing that the admissible evidence contained in the record would be insufficient to carry the non-moving party's burden of proof. *Celotex*, 477 U.S. at 322.

Once the moving party satisfies its burden that the record contains a genuine issue of material fact, the burden shifts to the non-moving party, who must go beyond his or her pleadings by the use of affidavits, depositions, admissions or answers to interrogatories, in order to demonstrate that there *is* a genuine issue of material fact for trial. *Id.* at 324. In attempting to do so, the non-moving party cannot defeat a well-supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his or her pleadings. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Venue is proper under 28 U.S.C. § 1391(a).

## V. DISCUSSION –ARGUMENTS IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

Plaintiffs argue that they are entitled to partial summary judgment on two bases. Firstly,

5

Plaintiffs argue that the Defendant failed to follow required filing procedures. Doc. 16. Secondly, Plaintiffs allege several failures by the Defendant and its predecessor under the Lease, PGE, to make timely payments, each of which would have caused the Lease to expire (if it was in effect at the time of the individual failures). Docs. 16, 24.

### A. Defendant's Alleged Failure to Raise Preliminary Objections/Make required filings in a timely fashion

Plaintiffs argue that they are entitled to Partial Summary Judgment because Defendant failed to file a preliminary objection, which it argues is "the exclusive method of raising objections to a Petition for the Appointment of a Board of Viewers" (Doc. 16 at 6, ¶ 29), and must be filed within thirty (30) days of the Petition. Therefore, Plaintiffs argue that they are entitled to partial summary judgment.[2]

In support of their argument, Plaintiffs cite *Snap-Tite, Inc. v. Millcreek Tp.* and *Dunk, et ux. v. The Manufacturers Light and Heat Company*, neither of which deal with a condemnation/de facto taking case which has been removed to federal court. 811 A.2d 1101 (Pa. Commwlth 2002); 127, 285 A.2d 535 (1971). *Dunk* is further inapplicable to the instant case in that it deals with a petition for approval of a condemnation bond, and is an extreme example where a litigant tried to file a preliminary objection more than three (3) years late, based on a successful appeal in which that litigant had not participated (there were several plaintiffs).

Defendant argues that that it need not have filed "Preliminary Objections" as specified under the Pennsylvania statute because Fed. R. Civ. P. 71.1, which sets out federal procedural rules for cases involving condemnation of real and personal property by eminent domain, applies (Doc. 18 at 5-6), and thus its answer, filed October 19, 2009, is the appropriate type of filing under federal procedural

---

[2] Plaintiffs also previously argued that Defendant was required to file an answer or presentation of defenses or objections by October 16, 2009, but have since acknowledged that Defendant's October 19, 2009 filing was timely under the Federal Rules of Civil Procedure as then in effect. Doc. 24 at 1; Doc. 16 at 1-2, 4-5.

6

rules (the Notice of Removal having been filed on October 9, 2009). Plaintiffs argue that Fed. R. Civ. P. 71.1 does not apply to inverse (de facto) condemnation proceedings,[3] and therefore Defendant's failure to file a preliminary objection to its initial action within thirty (30) days necessitates a partial summary judgment (Doc. 16 at 6, ¶ 35). Plaintiffs do not provide caselaw supporting this argument, nor was this Court able to find any.

Plaintiffs cite a Pennsylvania Commonwealth case, *Gold v. Summit Tp.* for the proposition that where a Defendant fails to file a timely preliminary objection, a Petition to Appoint Viewers shall be granted and referred for the determination of damages. 660 A.2d 215 (Pa. Cmwlth 1995); Doc. 16 at 7 ¶ 37. However, the instant case was removed to this Court before a dispositive determination had been made. Defendant is correct (Doc. 18 at 5-6) that once a case is removed to federal court, the Federal Rules of Civil Procedure apply.[4] See *Spence v. Brownsville Area Sch. Dist.*, 2008 U.S. Dist. LEXIS 55026 (W.D. Pa. 2008); see also *Bowen v. Department of Navy*, 1990 U.S. Dist. LEXIS 1970 (E.D. Pa. Feb. 14, 1990) ("When an action is removed to federal court the federal rules of civil procedure apply after removal and the case is treated as if it were originally commenced in federal court.")[5]

**B.  The Validity of the Lease at the Time Defendant began using the Property for Storage**

---

[3] Fed. R. Civ. Proc. R. 71.1 (a) states:
These rules govern proceedings to condemn real and personal property by eminent domain, except as this rule provides otherwise.
Fed. R. Civ. Proc. R. 71.1(k) states:
Condemnation Under a State's Power of Eminent Domain. This rule [71.1] governs an action involving eminent domain under state law. But if state law provides for trying an issue by jury--or for trying the issue of compensation by jury or commission or both--that law governs.

[4] Plaintiffs state that "[t]he substantive rights of the property owners required the timely filing of preliminary objections and the Court's prompt determination of all preliminary objections." Doc. 16 at 7, ¶ 36; citing 26. Pa. C.S.A. §306.[4] Plaintiffs appear to be hinting by this sentence that filing deadlines are substantive, not procedural, in this type of case. However, Plaintiffs do not clearly state this argument, nor do they cite supporting authority, therefore we do not discuss this potential argument.

[5] Moreover, if Plaintiffs are arguing that this Court does not have jurisdiction over this case, the appropriate remedy would be to file a Motion to Remand. It would not be appropriate for this Court to issue Partial Summary Judgment on the merits of the case if in fact this court lacks jurisdiction over the case. See *Huston v. Stauffer*, 496 F. Supp. 790, 793 (M.D. Pa. 1980) ("summary judgment is not proper where no jurisdiction lies").

Unsurprisingly, Plaintiffs and Defendant have opposite views of whether or not the Lease was in effect at the time that Defendant began natural gas storage on April 1, 2009; Plaintiffs argue that the Lease had expired, and Defendant argues that the Lease was in full force and effect. Doc. 16 at 1, ¶ 2. Doc. 18 at 9-13.

Plaintiffs claim that the Lease expired for several reasons, as follows:

- the Lease expired because neither Defendant nor PGE made delay rental or storage payments in a timely fashion in 2006.
- the Lease expired because Defendant failed to make delay rental or storage payments in a timely fashion in 2007 and 2010.
- PGE ceased production by December 7, 2006, triggering the cessation of production clause, and that requirements under that clause were not met, causing the Lease to expire.
- the "shut-in provision" did not operate to potentially extend the Lease because it only applies shut-in periods that occur prior to resumption of production, not prior to storage use.

Doc. 24 at 2-4; Doc. 16 at 2-4.

Defendant argues that it complied with the terms of the Lease and therefore the Lease is still in full force and effect. Specifically, Defendant argues 1) that it was not required to notify Plaintiffs under the Lease that the Lease was being converted from production to storage; 2) that the cessation of production clause was not triggered, which would have caused termination of the Lease if additional measures were not taken pursuant to that clause within ninety (90) days; 3) that it met all required payments under the Lease because the lease provided for conversion to storage, and remained in full force as long as the property was used for storage; and 4) because the "shut-in" provision of the lease allowed for the continuation of the lease through shut-in payments (in addition to delay payments) during periods where production was interrupted.

Defendant argues that production did not cease, thereby triggering the cessation of production

clause in the Lease, which would have required delay rental or storage payments to keep the Lease in effect. Doc. 18 at 10-11. Plaintiffs argue that production had ceased by December 7, 2006. Doc. 24 at 4 ¶¶ 19-20. Thus, the definition of "cessation of production" is a material fact in the current dispute. The Lease itself does not define cessation of production, but Defendant argues that a dictionary definition and a separate case, McDowell v. PG&E, 658 So.2d 779, 783 (Ct. App. La. 1995), should be utilized to interpret the meaning of "cessation of production." Doc. 18 at 10. Further, the parties disagree as to the application of the "shut-in" provision, which Plaintiffs argue does not allow for an extension of the Lease once cessation of production occurred (which Defendant contests, see above) and prior to storage. Doc. 24 at 4 ¶ 20. In addition, "delay payments" has not been defined. Doc. 15-3 at 2-3. Nor have the parties cited authorities that would relieve these ambiguities in a decisive manner.

The Third Circuit has held that "[i]n order for us to affirm the district court with respect to summary judgment, we must determine that the contract is so clear that it can be read only one way [*citations omitted*] . . . [t]o be unambiguous, an agreement must be reasonably capable of only one construction." *American Flint Glass Workers Union v. Beaumont Glass Co.*, 62 F.3d 574, 580-581 (3d Cir. 1995); citing *International Brotherhood of Boilermakers, etc. v. Local Lodge D504*, 866 F.2d 641 (3d Cir.), cert. denied, 493 U.S. 812 (1989); (*additional citations omitted*). In the instant case, it would be reasonable to interpret cessation of production in several ways. As such, summary judgment is not appropriate.

## VI. CONCLUSION

It is appropriate for this Court to apply the Federal Rules of Civil Procedure to this case, and as such Defendant's Answer and Affirmative Defenses to Plaintiffs' Petition for Appointment of Viewers, filed on October 19, 2009, is timely, and a "preliminary objection" to the state action is not required. Therefore, this Court will not issue a partial summary judgment in favor of Plaintiffs on the basis of Defendant's alleged failure to meet procedural filing requirements.

In addition, when viewed in the light most favorable to Plaintiffs, the evidence suggests that a reasonable trier of fact might conclude that the terms of the Lease were **not** met by Defendant. Alternately, when viewed in the light most favorable to the Defendant, a reasonable trier of fact might conclude that the Defendant **did** meet all burdens under the Lease and that a valid Lease exists. In particular, the definition of "cessation of production" is a material issue in this case, and as the term was not clearly and unambiguously set out in the contract, partial summary judgment is not appropriate at this juncture. Similarly, other terms in the contract were not clearly spelled out, such as "shut-in" and "delay", and are material to the determination of whether or not the Lease is valid. Lastly, Plaintiffs seem to be under the impression that notice to them was required in order to convert the Lease to a storage lease, while Defendant contests this interpretation. Doc. 18 at 9. Therefore, summary judgment is not appropriate at this junction for either party, as there are disputed issues of fact which are material to this case.

Plaintiffs' Motion for Partial Summary Judgment (Doc. 16) is denied, as is Defendant's Motion for Partial Summary Judgment (Doc. 12). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM W. SMITH and ANGELA M. SMITH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:09-268 |
| STECKMAN RIDGE, LP, | ) ) | JUDGE KIM R. GIBSON |
| Defendant. | ) ) ) | |

## ORDER

AND NOW, this 29th day of September, 2010, this matter coming before the Court on Plaintiffs' Motion for Partial Summary Judgment (Document No. 16), and Defendant's Motion for Partial Summary Judgment (Document No. 12), IT IS HEREBY ORDERED that the Plaintiffs' Motion for Partial Summary Judgment is **DENIED** and the Defendant's Motion for Partial Summary Judgment is also **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

cc: All counsel of record